UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY ZAIA,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC,

    Defendant.

Case No. 1:20-cv-07051

## COMPLAINT

**NOW COMES** Plaintiff, MARY ZAIA, through undersigned counsel, complaining of Defendant, DYNAMIC RECOVERY SOLUTIONS LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MARY ZAIA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 9048 West Emerson Street, Des Plaines, Illinois 60016.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. DYNAMIC RECOVERY SOLUTIONS LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of South Carolina.

1

7. Defendant has its principal place of business at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff received medical treatment from Midway Emergency Physicians, LLC at a cost of $1,082.00.

11. Plaintiff's $1,082.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. As result of financial hardship, Plaintiff was not able to make payment(s).

13. On August 31, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

14. The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtor by mail, phone, or otherwise.

15. Afterward, Plaintiff's $1,082.00 balance was referred for collection.

---

[1] With more than 50 combined years in the accounts receivables industry, our managing partners founded Dynamic in 2008. We are professionally staffed to provide nationwide consumer and commercial collection services to organizations including Banking, Student Loans, Health Care, Retail, Telecommunications, Utilities, Legal, and Real Estate. Our strong track record in the late stage market, continued investment into the latest Technology and Analytics, and our commitment to quality, has positioned DRS as leader in receivables management outsource solutions. https://www.gotodrs.com/about-us (last accessed November 26, 2020).

16. Defendant mailed Plaintiff a letter, dated November 17, 2020 (the "Letter"), which stated:

> **DRS Reference Number: 127713313**
>
> **Original Creditor:** MIDWAY EMERGENCY PHYSICIANS, LLC
> **Original Account Number:** MEP-130118-6426376
> **Current Creditor:** MIDWAY EMERGENCY PHYSICIANS, LLC
> **Reference Number:** 1077626695
> **Total Outstanding Balance:** $1,082.00

November 17, 2020

Dear Mary Zaia,

The above referenced account has been placed in our office for collection. In order to assist you in resolving this debt, we can offer the following options:

| OPTION 1 | OPTION 2 |
|---|---|
| You may resolve your account for **$649.20**. To accept, make your payment by **January 2, 2021**. We are not obligated to renew this offer. | You may resolve your account for **$703.30** in 2 payments of **$234.43** and a final payment of **$234.44**. To accept, make your first payment by **January 2, 2021** and your second payment by **February 1, 2021** and your third payment by **March 3, 2021**. We are not obligated to renew this offer. |

The offers listed are not your only options. If you are unable to accept one of the offers, we take pride in working with consumers regardless of your current financial position. Please contact our office to discuss your options.

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

18. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove her into bankruptcy.

3

19. Without question, Defendant's unlawful conduct deprived Plaintiff of one of her fundamental rights and led Plaintiff to believe her bankruptcy was for naught, causing anxiety, concern, and emotional distress.

20. Concerned with having had her rights violated, Plaintiff engaged counsel — expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

22. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)  The false representation of –
>
>   (A)  the character, amount, or legal status of any debt.
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. The Letter asserted that Plaintiff's $1,082.00 balance with Midway Emergency Physicians, LLC was due and demanded that Plaintiff pay the debt.

24. But at the time the Letter was sent, Plaintiff's $1,082.00 balance with Midway Emergency Physicians, LLC was not due and was not immediately collectible due to the automatic stay.

25. It seems clear, then, that each e-mail misrepresented the legal status of Plaintiff's $1,082.00 balance with Midway Emergency Physicians, LLC, and used false representation(s) to collect or attempt to collect Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation of 15 U.S.C. § 1692f**

26. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27. The filing of a bankruptcy petition automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

28. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $1,082.00 balance with Midway Emergency Physicians, LLC) not permitted by 11 U.S.C. § 362(a)(6).

29. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)  any actual damage sustained by such person as a result of such failure;

(2)
    (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.  find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B.  award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.  award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.  award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.  award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 30, 2020 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**MARY ZAIA**

　　　　　　　　　　　　　　　　　　　　By: */s/ Joseph S. Davidson*

　　　　　　　　　　　　　　　　　　　　Joseph S. Davidson
　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF JOSEPH P. DOYLE LLC
　　　　　　　　　　　　　　　　　　　　105 South Roselle Road
　　　　　　　　　　　　　　　　　　　　Suite 203
　　　　　　　　　　　　　　　　　　　　Schaumburg, Illinois 60193
　　　　　　　　　　　　　　　　　　　　+1 847-985-1100
　　　　　　　　　　　　　　　　　　　　jdavidson@fightbills.com